133 Nev., Advance Opinion 77

# IN THE SUPREME COURT OF THE STATE OF NEVADA

CAREY HUMPHRIES, AN INDIVIDUAL; AND LORENZA ROCHA, III, AN INDIVIDUAL,
Appellants,
vs.
NEW YORK-NEW YORK HOTEL & CASINO, A NEVADA LIMITED LIABILITY COMPANY, D/B/A NEW YORK-NEW YORK HOTEL & CASINO,
Respondent.

No. 65316

**FILED**

OCT 05 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court summary judgment in a negligence action. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

*Reversed and remanded.*

Drummond Law Firm and Craig W. Drummond, Las Vegas; Hofland & Tomsheck and Joshua L. Tomsheck, Las Vegas,
for Appellants.

Kravitz, Schnitzer & Johnson, Chtd., and Martin J. Kravitz and Kristopher T. Zeppenfeld, Las Vegas,
for Respondent.

BEFORE PICKERING, HARDESTY and PARRAGUIRRE, JJ.

 

*OPINION*

By the Court, HARDESTY, J.:

Appellants seek to hold the respondent casino civilly liable for injuries they suffered during an altercation with another patron on the respondent's casino floor. NRS 651.015 precludes such liability unless the wrongful act that caused the injuries was foreseeable. The statute further provides that a wrongful act is not foreseeable unless the owner or innkeeper failed to exercise due care for the safety of the patron or other person on the premises or had notice or knowledge of prior incidents of similar wrongful acts on the premises.

In this case, the district court granted summary judgment in favor of respondent, finding that the casino did not owe a duty to appellants pursuant to NRS 651.015 because the casino had no "notice or knowledge" the other patron would assault appellants. We do not view a foreseeability analysis under NRS 651.015 to be so restrictive. Foreseeability based on the failure to exercise due care does not depend solely on notice or knowledge that a specific wrongful act would occur, but instead is about "the basic minimum precautions that are reasonably expected of an [owner or] innkeeper." *Estate of Smith v. Mahoney's Silver Nugget, Inc.*, 127 Nev. 855, 860, 265 P.3d 688, 691 (2011). And foreseeability based on notice or knowledge of "[p]rior incidents of similar wrongful acts," NRS 651.015(3)(b), requires a case-by-case analysis of similar wrongful acts, including, without limitation, the level of violence, location of attack, and security concerns implicated. Because the district court failed to properly consider NRS 651.015(3)(b), and the record shows respondent's knowledge of prior similar on-premises wrongful acts, we reverse the district court's order granting summary judgment.

 

## FACTS AND PROCEDURAL HISTORY

Appellants Carey Humphries and Lorenzo Rocha were walking through respondent New York-New York Hotel & Casino's (NYNY) casino floor at 3:50 a.m. Humphries exchanged pleasantries with a woman who was accompanying another casino patron, Erick Ferrell. Ferrell began conversing with Humphries and allegedly made a vulgar comment to her. Humphries responded and made a spitting motion towards Ferrell and then turned to walk away. Ferrell attacked Humphries, hitting and kicking her multiple times, and allegedly throwing her into a slot machine. Rocha, who was playing a slot machine when the attack began, attempted to intervene and was also hit by Ferrell.

An NYNY security guard responded and immediately reported the altercation over his radio. The security guard then watched the attack for 12 to 15 seconds until backup arrived before intervening to break up the incident. The attack lasted a total of 17 seconds. As a result of the attack, Humphries suffered a skull fracture and some other minor injuries. Rocha received injuries to his face and head.

NYNY's casino floor is approximately 85,000 square feet. NYNY had not conducted a security audit to determine whether the number of guards staffed at any given time was sufficient to cover the casino floor. On the night in question, NYNY staffed five security guards on the casino floor. Two of those security guards could not freely respond to incidents because they were responsible for money drops. However, there were additional security personnel from other parts of the property that could respond to incidents on the casino floor if necessary. Also, two officers from the Las Vegas Metropolitan Police Department were on the premises.

 

Humphries and Rocha filed a complaint against NYNY alleging that the casino was liable for the injuries they sustained. After significant discovery, the district court granted summary judgment in favor of NYNY, finding that NYNY did not owe a duty of care. Humphries and Rocha appeal.

## DISCUSSION

This court reviews district court summary judgment orders de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment should only be granted when the pleadings and record establish that no genuine issue of material fact exists and "that the moving party is entitled to a judgment as a matter of law." *Id.* (internal quotation marks omitted). All evidence "must be viewed in a light most favorable to the nonmoving party." *Id.*

### NRS 651.015's duty of care

A plaintiff must establish four elements to succeed in an innkeeper liability suit: "(1) duty, (2) breach, (3) proximate causation, and (4) damages." *Estate of Smith v. Mahoney's Silver Nugget, Inc.*, 127 Nev. 855, 858, 265 P.3d 688, 690 (2011). NRS 651.015(2)(a) states that innkeepers owe a duty of care for on-premises injuries caused by third parties when "[t]he wrongful act which caused the death or injury was *foreseeable*." (Emphasis added.) "The court shall determine as a matter of law whether the wrongful act [referred to in NRS 651.015(2)(a)] was foreseeable . . . ." NRS 651.015(2). "If an injury is unforeseeable, then the innkeeper owes no duty, and the district court has no occasion to consider the remaining elements of the plaintiff's cause of action . . . ." *Estate of Smith*, 127 Nev. at 859, 265 P.3d at 691.

SUPREME COURT
OF
NEVADA

(O) 1947A

4

For the purposes of determining duty under NRS 651.015(2)(a), NRS 651.015(3) provides that an incident may be foreseeable in two distinct ways:

> (a) The owner or keeper failed to exercise due care for the safety of the patron or other person on the premises; or

> (b) Prior incidents of similar wrongful acts occurred on the premises and the owner or keeper had notice or knowledge of those incidents.

*See Estate of Smith*, 127 Nev. at 862, 265 P.3d at 693 ("[P]roof of prior incidents of similar wrongful acts are sufficient, but not always necessary, for establishing the existence of a duty.").

*The district court failed to properly consider NRS 651.015(3)*

The district court's order, citing to *Estate of Smith*, stated: "Under Nevada law, an innkeeper may owe a duty when the circumstances prior to the subject incident provide 'requisite foreseeability' of the resultant crime." Determining that an innkeeper needed "notice or knowledge" to be liable, the court found that NYNY could not have foreseen the fight because the altercation between Ferrell and Humphries was spontaneous. Therefore, the court concluded that NYNY did not owe a duty of care to Humphries and Rocha.

In *Estate of Smith*, Daniel Ott and two friends joined a "boisterous group of people" that gathered in a casino lounge. 127 Nev. at 857, 265 P.3d at 690. The casino deployed security personnel to ask the group to leave the premises within five minutes of Ott's arrival. *Id.* Simultaneously, another casino patron, Allen Tyrone Smith, Jr., stood up and punched one of Ott's friends in the face. *Id.* In response, "Ott immediately revealed a concealed weapon and fatally shot Smith." *Id.* Smith's estate sued the casino under a theory of premises liability. *Id.*

 

To determine whether the casino owed Smith a duty of care, this court conducted a foreseeability analysis under both NRS 651.015(3)(a) and (b). In interpreting NRS 651.015(3)(a), we stated "that the circumstances surrounding the commission of a wrongful act may provide the requisite foreseeability for imposing a duty." *Id.* at 862, 265 P.3d at 693. We also stated that district courts should "consider . . . circumstances regarding the basic minimum precautions that are reasonably expected of an innkeeper"[1] and should "evaluat[e] foreseeability on a case-by-case basis." *Id.* at 860, 265 P.3d at 691-92. This court concluded that the casino exercised due care because "the circumstances leading up to [the patron]'s murder did not provide the requisite foreseeability for imposing a duty . . . under NRS 651.015(3)(a)"

---

[1]NYNY proposes that this court adopt a new test to determine whether an innkeeper has taken basic minimum precautions. The proposed test asks: (1) whether the innkeeper provided any security at the time of the third party's wrongful act, (2) whether the innkeeper's security complied with the law while responding to the wrongful act, and (3) whether the innkeeper's security complied with its own policies while responding to the wrongful act. NYNY fails to cite any authority for this proposed test. Limiting the "exercise due care" analysis in such a way is inappropriate for a few reasons. First, it is inconsistent with NRS 651.015(3)(a)'s plain language. In some situations, "due care" requires more than an innkeeper providing a minimum level of security. Second, the proposed test contradicts Nevada jurisprudence on the subject. *Estate of Smith v. Mahoney's Silver Nugget, Inc.*, allows courts to consider any relevant circumstances in determining foreseeability under NRS 651.015(3)(a). 127 Nev. 855, 860, 265 P.3d 688, 692 (2011). Third, the three proposed prongs are extraordinarily deferential to innkeepers; so much so that the test would practically eradicate any potential duty owed under NRS 651.015(3)(a). For these reasons, we do not adopt the test proposed by NYNY.



as security was promptly dispatched and there was no indication that the third party had a gun. *Id.* at 862, 265 P.3d at 693.

In regard to NRS 651.015(3)(b), we considered prior similar wrongful acts that had occurred at the casino. The record reflected numerous fistfights and robberies inside the casino, two reports of firearms being brandished in the casino parking lot, and one report of shots fired near the parking lot. *Id.* at 861-62, 265 P.3d at 693. However, this court determined that the prior incidents were not "similar" to Ott's shooting of Smith, and we therefore concluded that the casino did not owe Smith a duty of care. *Id.* at 862, 265 P.3d at 693.

Here, the district court failed to properly consider NRS 651.015(3) in reaching its decision. The court first impermissibly restricted NRS 651.015(3)(a)'s "fail[ure] to exercise due care" analysis to whether an innkeeper has notice that a specific wrongful act is about to occur. *Estate of Smith* was not intended to restrict NRS 651.015(3)'s duty analysis in such a way. To be sure, indications that a wrongful act is about to occur are relevant, but not dispositive, under paragraph (a). The proper analysis under NRS 651.015(3)(a) "is akin to [a] totality of the circumstances approach."[2] *Estate of Smith*, 127 Nev. at 860, 265 P.3d at 692 (internal quotation marks omitted).

Moreover, the district court wholly failed to consider NRS 651.015(3)(b) and whether NYNY had a duty of care because of prior

---

[2]Although we do not provide an analysis or arrive at a conclusion regarding NRS 651.015(3)(a) in this opinion, we note that the district court should have considered many other facts in its analysis, including the amount of security on premise, the length of time it took for security to intervene, and the fact that no security audit had been completed.

 

similar on-premise incidents. NRS 651.015(3)'s plain language provides that a duty can be imposed under either (a) or (b) by joining the paragraphs with "or." *See* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 116 (2012) (stating that when considering a list of options, "or" creates alternatives while "and" creates a conjunctive list). As part of its motion for summary judgment, NYNY included a year's worth of incident reports detailing on-premise assaults and batteries; however, nothing in the district court's analysis demonstrates that the court considered this evidence before concluding that the battery on Humphries and Rocha was not foreseeable as "a matter of law." NRS 651.015(2).

*The district court erred in concluding that NYNY did not owe Humphries and Rocha a duty of care*

Under NRS 651.015(2) and 651.015(3)(b), this court is required to review de novo the district court's determination as to duty owed. *See Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Similarly, foreseeability is a question of law that is also subject to de novo review. *Id.* As we indicated in *Estate of Smith*, we believe that, when determining whether prior wrongful acts are sufficiently similar, district courts should consider, among other things, the location, the level of violence, and security concerns implicated between the wrongful act in the lawsuit and any prior wrongful acts on the premises.

*Location*

The NYNY incident reports that are part of the record before us detail patron-on-patron batteries in night clubs near the casino floor and at the Center Bar adjacent to the casino floor. There were also documented patron-on-security guard incidents on the casino floor, at the Center Bar, and in bathrooms. Importantly, there was also deposition

testimony from NYNY's security manager that there were approximately two to three fights a week on the casino floor:

> Q. Could you to your understanding tell us how many fights have occurred on the casino floor at New York-New York in 2010?
>
> A. I don't have that number.
>
> Q. Can you give us your best estimate? One a month?
>
> A. I wish.
>
> Q. Okay. Well, then can you please elaborate for us, sir?
>
> A. I would say two to three a week.

It is apparent from this testimony that NYNY was aware of numerous similar patron-on-patron incidents occurring on the casino floor.

Although nothing in the record demonstrates that any of these prior wrongful acts occurred in the exact location on the casino floor where Humphries and Rocha were attacked, requiring such an occurrence would contradict NRS 651.015(3)(b)'s plain language. A similar occurrence requires only general likeness, not factual conformity. *See Similar, Black's Law Dictionary* (6th ed. 1990); *cf. Estate of Smith*, 127 Nev. at 862, 265 P.3d at 693 (determining that prior wrongful acts involving firearms that occurred in the parking lot of the casino were dissimilar to the fatal shooting of Smith because no one was shot in the parking lot incidents, and there was no indication that any of the participants were actual patrons of the casino). Unlike in *Estate of Smith*, where Smith was shot inside the casino but many of the prior wrongful acts occurred outside the casino and did not involve casino patrons, in the instant case, Humphries and Rocha were attacked by another casino patron on the casino floor within approximately 200 feet of a nightclub and near the Center Bar,



where numerous documented prior incidents involving physical altercations had occurred.

*Level of violence*

Like the battery against Humphries and Rocha, the documented prior wrongful acts at NYNY involved a similar level of violence. There were reports of patron-on-patron violence including a man head-butting another man in a club, a man punching a woman in a club, three women punching each other in the Center Bar, and a man inappropriately touching a woman and then being shoved over an ottoman in the Center Bar. Additionally, there were reports of casino security being punched, attacked, and assaulted on the casino floor.

During the battery on Humphries and Rocha, security footage shows Ferrell punch and kick Humphries several times in the face. Humphries may also have been pushed or thrown into a slot machine. This physical hand-to-hand altercation without the use of weapons shows a proportional level of violence was involved in the prior wrongful acts on and around NYNY's casino floor.

*Security concerns implicated*

In moving for summary judgment, Humphries and Rocha argued that NYNY "fail[ed] to provide adequate and reasonable security," and specifically challenged the security response times and staffing on the large, open casino floor. An NYNY security guard responded to the incident involving Humphries and Rocha and immediately reported the altercation over his radio. The security guard then watched the attack for 12 to 15 seconds until backup arrived, before intervening to break up the incident. Other prior wrongful acts also appear to call into question NYNY's staffing and response times.

 

After careful consideration of the evidence in the record before us, we conclude that the battery against Humphries and Rocha was foreseeable based on NYNY's notice or knowledge of "[p]rior incidents of similar wrongful acts [that] occurred on the premises." NRS 651.015(3)(b). We thus conclude that the district court erred in finding that, as a matter of law, NYNY did not owe a duty of care to Humphries and Rocha. Accordingly, we reverse the district court's order granting summary judgment and remand this matter for further proceedings consistent with this opinion. On this record, NYNY owed a duty of care to Humphries and Rocha under NRS 651.015(3)(b).

_____, J.
Hardesty

I concur:

_____, J.
Parraguirre



PICKERING, J., dissenting:

I would affirm the district court's order granting summary judgment based on NRS 651.015 and *Estate of Smith v. Mahoney's Silver Nugget, Inc.*, 127 Nev. 855, 265 P.3d 688 (2011).

The patron-on-patron fight in this case occurred on the casino floor and erupted without forewarning. A single security guard saw it start and radioed for back up. Back up security arrived immediately and, together, the security guards broke up the fight; the fight lasted no more than 17 seconds in total, start to finish. *Smith* tells us that, in assessing statutory "foreseeability" for purposes of NRS 651.015, we look to dangers suggested by past incidents in the casino, not incidents that occurred in NYNY's parking lot, between couples in its guest rooms, or in its nightclub, 127 Nev. at 861, 265 P.3d at 692, and ask whether, based on that history, the security measures in place had proved inadequate. Though altercations had occurred in the past between NYNY casino patrons, in this case as in *Smith*, NYNY "casino security [had] handled the [past] disturbances . . . while maintaining the safety of customers inside the casino." *Id.* at 862, 265 P.3d at 693.

Under *Smith*, foreseeability of Ferrell's criminal act, as defined by NRS 651.015(3), was not established. The record demonstrates neither "[p]rior incidents of similar wrongful acts" that security did not contain nor a "fail[ure] to exercise due care." NRS 651.015(2) tasked the district court with making this judgment call, and it made the call correctly under *Smith*, 127 Nev. at 859, 265 P.3d at 691. But the majority goes further: It directs entry of partial summary judgment against NYNY. Given the record in this

 

case, which shows virtually no history of patron-on-patron assaults on the casino floor that security did not contain, it is hard to imagine a casino floor fight case in which foreseeability will not be deemed established as a matter of law. As this result runs counter to both NRS 651.015 and *Smith*, I respectfully dissent.

_____ *Pickering* _____, J.
Pickering